**STATE of Iowa, Appellee,**

v.

**Fredrick STEENS, Appellant.**

**No. 89–1642.**

Supreme Court of Iowa.

Jan. 23, 1991.

Raymond E. Rogers, Appellate Defender, and Ahmet S. Gonlubol, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., James Smith, County Atty., and Dan Voogt, Asst. County Atty., for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Fredrick Steens, appeals from conviction of burglary in the second degree. He contends that the district court erred in failing to submit to the jury, as a lesser-included offense, criminal trespass as defined in Iowa Code section 716.7(2)(a) (1989). The court of appeals determined this issue favorably to the defendant and reversed his conviction. We granted further review. For reasons which are discussed herein, we vacate the decision of the court of appeals and affirm the judgment of the district court.

Defendant was arrested in a dwelling house to which he and a companion had gained entry by breaking a window. Defendant was found by police officers hiding in a shower stall with stereo equipment belonging to the owners of the dwelling house. A cassette player, also the property of the owners of the dwelling house, was found concealed on his person.

In instructing the jury at defendant's trial, the district court submitted criminal

trespass as defined in Iowa Code section 716.7(2)(d) as a lesser-included offense under second-degree burglary. The defendant objected to this instruction on the ground that the version of criminal trespass which should have been submitted to the jury as a lesser-included offense was that criminal trespass alternative defined in section 716.7(2)(a). On our review of the record, we determine that the court was not required to submit either version of criminal trespass as a lesser-included offense, that submission of the offense defined in section 716.7(2)(d) did not prejudice defendant and that his conviction should be affirmed.

Although it was clear from the evidence offered at trial, including defendant's own testimony, that an entry occurred in the present case, the marshaling instruction on the greater offense (burglary in the second degree) involved only the "breaking" alternative of that offense. As we observed in *State v. Turecek*, 456 N.W.2d 219 (Iowa 1990), "the determination of whether a particular lesser crime must be submitted as a lesser-included offense of the crime charged may logically begin with the court's marshaling instruction on the greater offense." *Id.* at 223. Regardless of the charge originally contained in the indictment or information or the scope of the evidence produced at trial, the jury should only be permitted to consider lesser-included offenses which are embraced by that version of the greater offense actually submitted in the instructions.

In the present case, the greater offense of burglary in the second degree may be committed under either a "breaking" alternative or an "entering" alternative or both of these alternatives. We recognized in *State v. Wales*, 325 N.W.2d 87 (Iowa 1982), "when more than one statutory alternative of the major offense is submitted to the jury, and one of the alternatives includes a lesser offense, the defendant is entitled to have the lesser offense submitted as to that alternative." *Id.* at 89. In the present case, however, the burglary alternative which was in fact submitted to the jury was an alternative for which the section 716.7(2)(a) version of criminal trespass

was not a lesser-included offense. Consequently, the district court committed no error in refusing to submit that lesser offense.

We have considered all arguments presented and find no basis for reversing the judgment of the district court. The decision of the court of appeals is vacated. The judgment of the district court is affirmed.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.