**STATE of Iowa, Appellee,**

v.

**Jeffrey Scott ANDERSON, Appellant.**

No. 95–2003.

Supreme Court of Iowa.

June 18, 1997.

Linda Del Gallo, State Appellate Defender, and John P. Messina, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Julie H. Brown, Assistant Attorney General, John Sarcone, County Attorney, and Jeffrey K. Noble, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

After the jury found Jeffrey Scott Anderson guilty of burglary in the first degree, sexual abuse in the third degree, and assault with intent to commit sexual abuse causing bodily injury, the district court entered judgments and consecutive sentences. On appeal, two issues are raised by Anderson. First, he challenges the court's admission of "other crimes" evidence. Second, he urges the assault conviction merges with the burglary conviction. We vacate the decision of the court of appeals, and affirm in part, vacate in part, and remand the district court judgment.

### I. Background Facts and Proceedings.

Criminal charges were filed against Anderson after an incident with Sonya Vaughn that occurred on October 28, 1994.

His counsel, in pretrial negotiations, claimed Vaughn consented to sexual intercourse with Anderson. Both the State and Anderson filed a pretrial motion in limine. The State asked that the court permit it to call three witnesses to testify as to prior criminal acts committed against them by Anderson. The State filed a notice of additional witnesses and testimony summarizing the proposed testimony by persons who would testify as to Anderson's sexual assault of them in May 1982, December 1983, and August 1993.

Anderson's motion requested that the court exclude the proposed evidence because it was of doubtful relevancy, the proposed evidence was too remote in time and failed to demonstrate a unique or characteristic signature, and was unfairly prejudicial. The court ruled that the witnesses could testify.

At trial, Vaughn testified she knew Anderson from work. On October 28, 1994, Anderson came to her apartment without invitation. When he asked if he could come in, she said no. He came in. Later, she asked Anderson to leave but he refused. When he started to kiss her, she pushed him away. He removed her clothing, choked her, pulled her hair, caused her bodily injury, and raped her. Later, he said he was sorry.

The three witnesses allowed to testify after the motion-in-limine ruling told of being raped by Anderson. Each had known him. When they refused his advances, he choked them to get their cooperation. Two of the three witnesses testified that he apologized after the incident. As a result of the attacks, Anderson pled guilty and was convicted of assault with intent to commit sexual abuse in November 1982, pled guilty and was convicted of third-degree sexual abuse in May 1984, and was found guilty by a jury and convicted of simple assault in April 1994. It was stipulated at trial that Anderson was incarcerated for seven months in 1982, was incarcerated from May 1984 until July 1989, and was incarcerated from August 1993 through April 1994.

Anderson testified at trial that Vaughn invited him into her apartment, and, after talking and kissing they both went into the

bedroom to have sex. He denied choking her or using force.

The jury found Anderson guilty of burglary in the first degree, sexual abuse in the third degree, and assault with intent to commit sexual abuse causing bodily injury. Anderson's motion for new trial was denied. At sentencing, Anderson's counsel urged that the conviction of assault with intent merged with the conviction of burglary in the first degree under the provisions of Iowa Code section 701.9 (1993). The court rejected the argument and sentenced Anderson to imprisonment for a period not to exceed twenty-five years on the burglary count, ten years on the sexual abuse count, and five years on the assault count, all to run consecutively. Anderson appealed.

We transferred the appeal to the Iowa Court of Appeals. Iowa R.App. P. 401. Because the appellate judges were equally divided, three to three, the district court judgments were affirmed. *See* Iowa Code § 602.5106(1). We granted Anderson's application for further review. Iowa Sup.Ct. R. 12; Iowa R.App. P. 402.

II. *Scope of Review.*

■■■ Our review of the district court's evidentiary ruling admitting evidence of other crimes is for abuse of discretion. *State v. Casady,* 491 N.W.2d 782, 785 (Iowa 1992). Our review of the issue of an illegal sentence because of merger is for correction of errors at law. Iowa R.App. P. 4.

III. *Admissibility of Evidence of Other Crimes.*

The State argued at trial that the testimony and evidence of other crimes were admissible as relevant on the issues of consent, intent, motive, modus operandi, and knowledge. Anderson argued that the evidence was not relevant, and if relevant, its probative value was substantially outweighed by unfair prejudice and, therefore, not admissible under Iowa Rules of Evidence 403 and 404(b).

Relevant evidence is defined in Iowa Rule of Evidence 401 as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

There is a presupposition that relevant evidence is admissible. Iowa R. Evid. 402.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Iowa R. Evid. 403.

Our rules of evidence further provide:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Iowa R. Evid. 404(b).

■■■ Clearly, evidence that is relevant to establish a legitimate issue in the case is presumptively admissible. *State v. Barrett,* 401 N.W.2d 184, 187 (Iowa 1987). Both parties considered the issue of consent to be the fighting issue. Both parties cited *State v. Plaster,* 424 N.W.2d 226, 229 (Iowa 1988), as authority for the admission of other crimes' evidence on the issue of consent in a criminal sexual abuse trial. However, it is clear from the record that the evidence of other crimes or acts was also offered on the issue of intent, and it was considered by the trial court in its admissibility ruling. Here, the State was required to show Anderson entered an occupied structure without permission or authority, with the *specific intent* to commit the felony of sexual abuse. The charge of assault required the State to prove Anderson assaulted Vaughn with the *specific intent* to commit a sex act by force. The court expressly instructed the jury on the use of other wrongful act evidence to show intent.

The factual similarities of the "other crimes" evidence tend to establish the specific intent elements of the charges against Anderson. The record established certain similarities. Anderson first approached the known victim as a friend. Later, he threatened physical violence and choked the victim when the victim resisted his sexual assault. He then apologized to the victim after the assault.

■ Although two of the witnesses testified as to events that occurred twelve and eleven years before the Vaughn incident, the evidence was not irrelevant. In *Casady*, we held two incidents that had occurred fifteen and twelve years before were admissible in a criminal trial of a defendant charged with assault with intent to commit sexual abuse. *Casady*, 491 N.W.2d at 785–86. The defendant's incarceration on the prior offenses was considered on the relevancy issue. *Id.* The lapse of time in this case is not so great "as to negate all rational or logical connection." *Id.* at 785. The evidence of the prior criminal acts was clear. Anderson admitted his guilt to two earlier incidents resulting in his conviction. He was incarcerated about one-half of the time between the two earliest incidents and the incident with Vaughn.

We find the "other crimes" evidence was relevant to the issues. The trial court did not abuse its discretion in admitting this evidence. The evidence was introduced for a permissible purpose and no undue prejudice was shown. The court properly instructed the jury on the use of the wrongful acts evidence and limited its use for purposes permitted by rule 404(b).

## IV. *Merger.*

■ Anderson urges the merger doctrine prohibits the convictions for both burglary in the first degree and for assault with intent to commit sexual abuse resulting in bodily injury. Iowa Code section 701.9 provides:

No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court

shall enter judgment of guilty of the greater of the offenses only.

Iowa Rule of Criminal Procedure 6(2) provides: "Upon prosecution for a public offense, the defendant may be convicted of either the public offense charged or an included offense, but not both." The above statute and rule express the merger doctrine in Iowa.

■ In *State v. Jeffries*, 430 N.W.2d 728, 730 (Iowa 1988), we re-examined our approach to lesser-included offenses. We decided to retain the strict statutory elements approach. *Jeffries*, 430 N.W.2d at 736. Under this approach, if the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater. *Id.* at 730.

We interpreted *Jeffries* as a rejection of the factual test, but not a rejection of the "impossibility test" that provides one offense is a lesser-included offense of the greater when the greater offense cannot be committed without also committing the lesser. *State v. McNitt*, 451 N.W.2d 824, 825 (Iowa 1990). In *McNitt*, we concluded sexual abuse in the third degree cannot be committed without also committing the crime of assault with intent to commit sexual abuse. *Id.*

We referred to the "elements test" as an aid in applying the impossibility test in *State v. Turecek*, 456 N.W.2d 219, 223 (Iowa 1990). We stated:

When a case is tried to a jury, the determination of whether a particular lesser crime must be submitted as a lesser-included offense of the crime charged may logically begin with the court's marshaling instruction on the greater offense. The trial court must determine whether if the elements of the greater offense are established, in the manner in which the State has sought to prove those elements, then the elements of any lesser offense have also necessarily been established. It is not essential that the elements of the lesser offense be described in the statutes in the

same manner as the elements of the greater offense.

*Turecek,* 456 N.W.2d at 223.

In *State v. Steens,* 464 N.W.2d 874, 875 (Iowa 1991), we recognized that when a statute provides alternative ways of committing the offense, the alternative submitted to the jury controls. *Steens,* 464 N.W.2d at 875; *see also State v. Aguiar–Corona,* 508 N.W.2d 698, 702 (Iowa 1993).

We recognize our merger statute, Iowa Code section 701.9, codified the double jeopardy protection against cumulative punishment. *State v. Halliburton,* 539 N.W.2d 339, 344 (Iowa 1995). In *Halliburton* we commented that even if one offense is a lesser-included offense of another under our elements test, the legislature may intend punishment under both statutes. *Id.* at 344–45.

■ Based upon the alternatives submitted by the district court to the jury in this case, the legal elements of burglary in the first degree are:

(1) Defendant entered into (described place).

(2) The (described place) was an occupied structure.

(3) Persons were present in the occupied structure.

(4) The defendant did not have permission or authority to enter the (described place).

(5) The defendant did so with the specific intent to commit the felony of sexual abuse.

(6) During the burglary the defendant intentionally inflicted bodily injury on (the victim).

The elements of assault with intent to commit sexual abuse resulting in bodily injury are:

(1) The defendant assaulted the victim.

(2) The defendant did so with the specific intent to commit a sex act.

(3) The defendant's assault caused bodily injury to the victim.

The State argues merger is not required because the burglary offense requires the specific intent to commit sexual abuse be present *at the time the defendant entered* the victim's home; whereas, the assault offense requires the defendant have the specific intent to commit sexual abuse *at the time of the assault.* Because the specific intent to commit sexual abuse and the specific intent to commit a sex act are identical, and existed throughout the commission of these offenses, the intent element is the same.

■ If we consider the elements of the burglary charge in the manner in which the State has sought to prove those elements, then the elements of the assault charge have necessarily been established. Applying the impossibility test to this case, we conclude the assault charge was a lesser-included offense of the burglary charge and merged with the burglary conviction. Where a lesser-included offense is merged with the greater offense, a conviction on the lesser-included offense is void. *See State v. Stratton,* 519 N.W.2d 403, 405 (Iowa 1994).

### V. *Disposition.*

We affirm the convictions of burglary in the first degree and sexual abuse in the third degree. Because the assault charge merged with the burglary charge, this conviction, judgment, and sentence is vacated. We remand to the district court for entry of an order in accordance with this opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**