# IN THE COURT OF APPEALS OF IOWA

No. 14-0645
Filed February 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIELLE BUNCE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Joel W. Barrows (plea) and Nancy S. Tabor (sentencing), Judges.

        Danielle Bunce appeals her sentence following a guilty plea to child endangerment resulting in bodily injury.  **SENTENCE AFFIRMED IN PART; VACATED IN PART; REMANDED.**

        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney General, and Michael L. Wolf, County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Danielle Bunce appeals her sentence following a guilty plea to child endangerment resulting in bodily injury. She asserts the district court imposed an illegal sentence when it ordered her to pay court costs associated with a dismissed charge and that it abused its discretion when it relied on improper considerations when imposing the suspended sentence. We conclude the costs assessed based on a dismissed count constitutes an illegal sentence; accordingly, we vacate the imposition of the fine. However, the district court properly considered various factors and did not abuse its discretion when suspending the sentence rather than ordering it deferred. Consequently, we affirm the suspended sentence but vacate the portion of the sentencing order assessing the court costs to Bunce associated with count three.

On June 21, 2013, Bunce was charged by trial information with willful injury causing serious injury and three counts of child endangerment resulting in serious injury. The charges were based on conduct that occurred on February 18, 2013, when Bunce discovered her five-week-old daughter, R.B., was injured but waited twenty-four hours before seeking medical treatment. Bunce had noticed R.B. was twitching, as though she was having a seizure, and could not swallow.[1] The injuries had resulted from abuse perpetrated by R.B.'s father and Bunce's paramour, Eladio Pena.

On March 6, 2014, Bunce pled guilty to one count of child endangerment resulting in bodily injury, in violation of Iowa Code sections 726.6(1)(d) and

---

[1] The injuries diagnosed at the hospital included a broken neck, a skull fracture, a fractured rib, and bleeding in the brain.

726.6(6) (2013), in exchange for the State's recommendation of supervised probation and Bunce's request for a deferred judgment. Both agreed the sentence should be suspended. A sentencing hearing was held on April 4, 2014, and the district court sentenced Bunce to a term of five years imprisonment, suspended, a fine of $750 plus surcharge and court costs, and two years of probation. It dismissed counts one and two of the trial information at the State's cost, as well as count three, with costs assessed to Bunce. Bunce appeals.

We review challenges to an illegal sentence for correction of errors at law. *State v. Anderson*, 565 N.W.2d 340, 342 (Iowa 1997). To the extent we are reviewing the sentence imposed, we review the district court's decision for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Bunce first argues the district court imposed an illegal sentence when it ordered her to pay the costs associated with the dismissed count three, and the State concedes the court erred. When the plea bargain is silent as to costs and a statute does not authorize the assessment of costs to the defendant for a dismissed charge, it is error for the district court to order the defendant to pay such costs. *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991). Here, the plea bargain was silent and no statute authorized the imposition of costs. Consequently, the district court imposed an illegal sentence when ordering Bunce to pay the court costs associated with count three, and we sever this portion of the sentence from the balance of the sentence. *See Bonilla v. State*, 791 N.W.2d 697, 702 (Iowa 2010) (holding when part of a sentence is invalid it may be severed from the rest of the sentence so as to leave the valid portions intact).

Bunce further asserts the district court abused its discretion when deciding to suspend the five-year sentence rather than defer it, claiming the court considered improper factors. She takes issue with the court's consideration of unrelated portions of the record and facts that she argues are not supported by the record, including: (1) the consideration of count three when assessing costs to her, which was a dismissed charge; (2) her consumption of alcohol prior to the crime; (3) the court's observation regarding "new moms"; (4) the court's discussion of the child's injuries; and (5) Bunce's knowledge of Pena's propensity to harm young children.

When deciding to impose a suspended sentence rather than deferring judgment, the district court gave the following reasons:

> THE COURT: This is a difficult case. Yes, I agree that [you were not] the one who actually inflicted the injuries.
>
> However, this child suffered injuries to [her] ribs, [her] vertebrae. Those are things that even if the bones heal all throughout life, if you have a broken neck, you're going to be suffering the rest of your life with pain and inability to do things and arthritis and all those kind of things that happen when you have a broken bone, and this is a case where you allowed yourself to get in a position where somebody that you knew that had the history that Mr. Pena had about hurting children was left to take care of your child because of how you let your condition get, and then when you found out your child was in distress, you did nothing for over 24 hours. A screaming baby. New moms, oh, my God, the first born the baby doesn't blink, they're on the phone to their doctor because they're so nervous they don't know what to do. They're constantly on the phone. You did just the opposite. Not going to do a thing. That's very, very distressing to me that we have people who would have that kind of attitude, and then you lie about it to cover your boyfriend? You placed your boyfriend above your own child. Those are all really aggravating circumstances, in my opinion. I also realize that you're young and that a felony record would impede your ability to get school loans, which you probably won't be able to get anyway because you already have bad credit, but it also may be some employment things, so those are factors that I'm considering.

I do consider that you weren't the one who actually inflicted the injuries, but, again, as your attorney has acknowledged, that's not an excuse. It wasn't like you didn't know about Mr. Pena and it wasn't like you just kind of—it accidentally happened. The circumstances of this case, as I understand them, as was revealed in the Minutes of Testimony were that you allowed yourself to get inebriated and couldn't care for your child so he was there. Those are in my mind, again, aggravating factors.

. . . .

[DEFENSE COUNSEL]: The Trial Information, that statement that she was inebriated that night as set out in the Trial Information, that was not addressed at the time of plea because it wasn't substantive to the charge that she was pleading to. The fact of the matter is she wasn't inebriated that night. He was there to watch the child because she had the child the rest of the time and the child wasn't—didn't tend to sleep through the night, so she—he came on the weekends sometimes to watch the child so that she could try to catch up on her sleep.

THE COURT: Well, it said that she'd been drinking, and she's charged with not getting medical care, and in my case it is substantive because it goes to the fact that she knew about Mr. Pena and she wasn't getting up at night taking care of the kid. He was, and she was letting him do that, and that's where it's denying the care and denying the necessary care. So I'm not—that is not the—not a factor in my sentencing. It's merely what the Trial Information said, and I note that in that she woke up and she knew the kid was in distress and did nothing, is my issue.

When she got up in the morning is when she found out the kid was in distress, and that is when she did nothing.

. . . .

That's what I understand that the part of the allegation is, is that once she knew, she didn't—it took 24 hours to get where she needed the—more than 24 hours for the kid to get to some kind of medical care, and it wasn't even the closest medical care, which is another issue. It just doesn't bode well to me with what—how a new mom acts, that whole new mom thing. You're more concerned about kids. When you don't know something, you're always asking and erring on the side of caution. It's when you have that third and fourth one that you kind of know what goes on and whether you need to take them or not.

Anyway, my concern in this is this is a very serious crime, and I think that the gravity of the crime and the aggravating factors in this case outweigh the positives, and I do not feel a deferred judgment is appropriate, and I will not grant one in this case. I will, however, agree reluctantly to grant a suspended prison term.

We note that a sentencing decision is cloaked with a strong presumption in its favor, and a court abuses its discretion only when it imposes a sentence on grounds clearly unreasonable or untenable. *State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999). Permissible factors to consider include the nature of the offense; the attending circumstances; the defendant's age, character, and propensities; and THE chances of reform. *Id.*

Upon review of the record, we conclude the district court did not abuse its discretion in suspending the sentence rather than deferring judgment. With regard to Bunce's allegation the court considered unadmitted conduct, this error solely consisted of improperly assigning court costs associated with count three to Bunce, rather than being an improper consideration. Furthermore, the district court explicitly stated it did not consider Bunce's intoxication as a factor in its sentencing decision, and therefore, Bunce's arguments in this regard are also without merit.

Additionally, the court's observation with respect to "new moms," its discussion of the child's injuries, and its noted concern that the mother knew of Pena's violent history were not impermissible factors to consider. Bunce's lack of concern for her child, even as a first-time mother, is part of the attending circumstances of the crime and, therefore, a factor the court could consider during sentencing. *See generally id.* Furthermore, the child's injuries were an acknowledged portion of the record and relevant to the severity of the crime—though R.B.'s injuries included several broken bones, Bunce waited over twenty-four hours before seeking medical care. Furthermore, the district court noted that Bunce was not the one who inflicted these injuries, but the severity was

nonetheless relevant to Bunce's culpability with respect to the degree of child endangerment.

Finally, Bunce cannot succeed on her argument the record does not support the court's statement she knew of Pena's violent history with regard to children. Attached to the minutes of testimony was an incident narrative that contained the officer's interview with Bunce, in which she stated: "All I know is that [Pena] beat the s*** out of [his son] and cracked his skull open and he was taken away." This is clearly an admission she knew that Pena was violent with young children. Moreover, given that she pled guilty to child endangerment, this was a permissible fact for the court to consider when noting how long she waited to seek medical attention after having left R.B. in Pena's care. Consequently, the court did not abuse its discretion when suspending the sentence instead of deferring judgment, and we affirm.

We remand to the district court for entry of judgment consistent with this opinion.

**SENTENCE AFFIRMED IN PART; VACATED IN PART; REMANDED.**