# IN THE COURT OF APPEALS OF IOWA

No. 14-0863
Filed May 6, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RYAN DOUGLAS KING,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


A defendant appeals from his convictions by jury for the offenses of burglary in the third degree and harassment in the first degree. **AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Aaron Rogers, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and James Katcher, Assistant County Attorney, for appellee.


Considered by Vogel, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, S.J.**

Ryan Douglas King appeals from his convictions by jury for the offenses of burglary in the third degree and harassment in the first degree. We affirm his convictions.

## I. Background Facts

On January 13, 2014, King was a guest in a mobile home located in Cedar Falls and owned by Michaela Kotz (Kotz I). He had been invited to the mobile home by Michaela Kotz (Kotz II), an occupant of the mobile home and the daughter of Kotz I. Kotz II had also invited Tanya Boehmer and her infant daughter. King was a former boyfriend of Boehmer. King had been requested to bring alcohol and both women began drinking soon after his arrival. At about 2:00 or 3:00 a.m,. Kotz I arrived at the trailer with her boyfriend, Keith Grinder. An altercation developed between Boehmer and King. Eventually Kotz I and Grinder pushed King out of the door of the mobile home, but he returned and Grinder pushed him out again. King remained outside screaming, kicking cars, and otherwise expressing his displeasure. Boehmer went outside to continue the altercation. Grinder got between them but King punched him in the face and broke his glasses and also was able to land a forceful blow on Boehmer. A call was made to 911 but King was gone by the time the police arrived.

Boehmer wanted the police to stay because she believed King would come back. King texted Boehmer indicating he was going to kill her. Nevertheless, the police left and told Boehmer to lock the doors and call 911 if King came back. About ten to fifteen minutes after the police had left King did come back. He was denied entry but kicked the door in and Kotz I, Kotz II, and

Boehmer retreated to a bedroom. Boehmer hid herself in the bedroom closet and called 911. Grinder armed himself with a bolt cutter and confronted King. Grinder told King the police were on their way and he needed to leave. King left before the police arrived but they were able to track King in the snow and arrest him. Sometime during the melee King suffered a gash on his head that required stitches.

King was charged with burglary in the second degree, harassment in the first degree, and assault causing bodily injury. King's case was tried to a jury and guilty verdicts were returned of first-degree harassment and to the lesser included offense of burglary in the third degree. King was acquitted of the assault charge. King has appealed.

## II. Preservation of Error

King made a motion for a new trial asserting the verdict was contrary to the weight of the evidence but the motion was overruled. When an issue is raised before the trial court and it is ruled on error has been preserved. *LaMasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). The ordinary rules of error preservation do not usually apply to a claim of ineffective assistance of counsel. *State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).

## III. Scope and Standard of Review

King's claim the trial court applied an incorrect standard in ruling on the motion for a new trial is reviewed for errors of law. *See State v. Wells*, 738 N.W.2d 214, 218 (Iowa 2007). Ineffective-assistance-of-counsel claims raise constitutional issues and are reviewed de novo. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

## IV. Discussion

**A.**    After the verdicts were returned, King made a motion for a new trial contending the verdicts were contrary to the weight of the evidence. The trial court denied the motion, stating:

> This court was the trial court in this matter, and there were motions for judgment of acquittal, directed verdicts during—at the close of the evidence in this case. At that time the jury found that there was sufficient evidence to—that jury question had been engendered, and the matter was submitted to the jury for deliberations. The jury returned a verdict. The court finds that the verdict was not contrary to the law or the evidence, that there was, in fact, sufficient evidence or evidence that the jury could find— could find the defendant guilty on the two counts in which he was found guilty, and the court therefore determines that the motion for new trial should be denied.

"The court may grant a new trial for any or all of the following causes: . . . When the verdict is contrary to law or evidence." Iowa R. Crim. P. 2.24(2)(b)(6). It has been held that contrary to the "law or evidence" as set out in the above rule means contrary to the "weight of the evidence." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). The standard for granting a new trial is much broader, as opposed to the standard applicable for a motion of judgment of acquittal when the standard is sufficiency of the evidence. *Id.* Sufficiency of the evidence obligates the court to assume the truth of the evidence offered from the standpoint most favorable to the State. *Id.* at 658.

The trial court did not use the term "weight of the evidence" in its verbal ruling but the court did deny King's motion for a new trial which specifically asserted that the verdict was contrary to the "weight of the evidence." In addition, the court stated the verdict was not "contrary to the law or the evidence." That portion of the court's statement was a direct denial of the

condition which would permit a new trial under Iowa Rule of Criminal Procedure 2.24(2)(b)(6) and used the exact language of the rule. The court's reference to the standard used in its ruling on the judgment for acquittal does not mean it used the same standard when considering the motion for new trial. *See Wells*, 738 N.W.2d at 219. King did not testify or offer any evidence during the trial. It was not unusual in such a situation that the court would refer to its prior ruling when no contrary evidence to weigh or no issue of credibility to judge had been offered. The decision of a trial court carries with it the presumption of regularity, and the presumption is strong. *State v. Pappas*, 337 N.W.2d 490, 493-94 (Iowa 1983). We recognize it would have removed all doubt if the court had explicitly stated that it was using the "weight of the evidence" standard. However, it is fair to assume that the court knew and used the applicable standard when it recited the exact language of the rule and denied a motion specifically alleging that the verdict was "contrary to the weight of the evidence". *Ellis* did not replace the language of Iowa Rule of Criminal Procedure 2.24(2)(b)(6), but merely defined it.

**B.** King contends trial counsel was ineffective for failing to request a trespass instruction as a lesser included offense to the burglary charge. Such claims are reserved for postconviction relief particularly when counsel's action implicates trial tactics or strategies. *State v. Brubaker*, 805 N.W.2d 164, 170-71 (Iowa 2011). However, in the interest of judicial economy, such claims will be resolved on direct appeal if the record is adequate as to the claim raised. *Id.* In this case the record is adequate.

"To establish ineffective assistance of counsel a defendant must prove by a preponderance of the evidence: (1) that counsel failed to perform an essential duty, and (2) prejudice resulted." *Id.* at 171.

King was charged with burglary by breaking. Criminal trespass has been held not to be a lesser included offense of the breaking alternative of a burglary charge. *State v. Steens*, 464 N.W.2d 874, 875 (Iowa 1991). Counsel has no duty to raise a meritless issue. *Brubaker*, 805 N.W.2d at 171. King asserts that a challenge to the holding in *Steens* "was worth making" but the standard requires that a duty exist. "Worth making" is not equivalent to a duty. There may be situations where our courts have taken a position inconsistent with other state courts or the position taken has frequently been academically criticized or otherwise questioned. In such a case counsel would potentially have the obligation to challenge the court's position. *See State v. Vance*, 790 N.W.2d 775, 789-90 (Iowa 2010). King does not cite any such criticism or contrary holdings in other states to the holding in *Steens.* Our supreme court may have broadened its view somewhat as to what constitutes a lesser included offense. *See State v. Miller*, 841 N.W.2d 583, 588-90 (Iowa 2014). Nevertheless, *Steens* is explicit in its holding, and King has not directed us to any criticism of its holding.

King notes the jury sent three notes indicating it had trouble with the specific intent requirement necessary to return a verdict of burglary. He also notes a verdict of third-degree burglary was returned rather than second degree, while the two charges are differentiated only by the requirement that one or more persons be present, a factor conceded by King in this case. King theorizes the

jury was looking for a lesser included offense and, potentially criminal trespass would have filled that need, even though criminal trespass also has an intent requirement. Whether or not King's theory that the jury was looking for a lesser included offense is correct, his theory does not require counsel to request a potential lesser included offense that had been explicitly rejected by our supreme court. It is possible the jury might have viewed the facts as being more consistent with trespass than burglary, but generally the State has the right to select the charge that is filed. *See State v. Anspach*, 627 N.W.2d 227, 233 (Iowa 2001). Counsel was not ineffective for failing to request criminal trespass as a lesser included offense.

**AFFIRMED.**