# IN THE COURT OF APPEALS OF IOWA

No. 19-0947
Filed June 3, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARISSA MARIE JOHNSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Linda M. Fangman, Judge.

Marissa Johnson appeals her conviction of one count of attempted burglary in the second degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Marissa Johnson appeals her conviction of one count of attempted burglary in the second degree, challenging the sufficiency of the evidence supporting the conviction and arguing her counsel was ineffective. We find Johnson's arguments without merit and affirm.

### I. Background Facts and Proceedings.

After midnight on July 5, 2017, Johnson and Taefon Anderson[1] were hanging out at Lacoya Jones's house. Everyone had been drinking alcohol. Jones lived across the street from Anderson's ex-girlfriend, Thorsha Gary. Anderson had moved out of Gary's home a couple of months earlier, and on July 2, while Johnson was present, Anderson and Gary argued.

As morning approached, Gary was returning to her home with two friends, Derrick Tatum and Sharmeka Gray, in Tatum's car. As they turned the corner to Gary's house, they saw Johnson and Anderson in the street. Both Johnson and Anderson were yelling, and one of them threw a glass bottle at the car. Tatum parked the car at Gary's house, and Johnson and Anderson came across the street toward them. At this point, everyone was yelling back and forth.

Gary and her friends went inside the house. Then, they heard kicking at the back door. Tatum looked outside and saw Johnson and Anderson kicking the door. The door eventually gave way, and Anderson entered the home. Tatum pushed Anderson outside while Gray called the police. Then, kicking started at the front door. Gary held the front door shut, afraid that Anderson and Johnson

---

[1] Anderson was described both as Johnson's friend and boyfriend.

would assault her if they got into the home. Gary did not personally witness who was kicking the doors. The kicking continued for about three minutes and then stopped. Johnson and Anderson ran back across the street to Jones's home.

Responding to the call, police arrived; photographed the damage to Gary's doors, including a shoe print on the front door; and tried to contact Anderson and Johnson at Jones's house. The officers pounded on the door for ten to fifteen minutes before anyone answered. Johnson finally opened the door and was "very belligerent," refusing to tell officers her name and blocking them from entering the apartment. She refused to comply with officers escorting her downstairs, and, when being placed in handcuffs, she pulled away and tried to bite an officer. Police seized Johnson's shoes, which had a tread "very consistent" with a shoe print on the front door. Police later compared the shoes to the shoe print and "could definitely see the tread marks were the same."

An amended trial information charged Johnson with burglary in the second degree in violation of Iowa Code section 713.5 (2017). The trial information listed only a breaking theory of burglary. After a trial, the jury convicted Johnson of attempted burglary in the second degree in violation of Iowa Code section 713.6. The court imposed a five-year suspended sentence conditioned on her placement at a residential correctional facility for one year or until she achieved maximum benefits. Johnson appeals.

## II. Standard of Review.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Hansen*, 750 N.W.2d 111, 112 (Iowa 2008). We review ineffective-

assistance-of-counsel claims de novo. *State v. Tate*, 710 N.W.2d 237, 239 (Iowa 2006).

### III. Analysis.

On appeal, Johnson argues there was insufficient evidence of specific intent, her counsel was ineffective by failing to request the marshaling instructions include the entering alternative of burglary, and her counsel was ineffective by failing to object to hearsay or request a limiting instruction. We address her arguments in turn.

**A. Sufficiency of the Evidence.** For Johnson to be guilty of attempted second-degree burglary, the jury had to find that she "attempted to break or aided and abetted Taefon Anderson in attempting to break into [Gary's house] . . . with the specific intent to commit an assault." *See* Iowa Code §§ 713.2, .6. Johnson argues the evidence could not show she had the specific intent or aided and abetted Anderson with the knowledge that Anderson had the specific intent to assault Gary.

If the jury's verdict is supported by substantial evidence, we will affirm. *State v. Myers*, 924 N.W.2d 823, 826 (Iowa 2019). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the State, and direct and circumstantial evidence are equally probative. *See* Iowa R. App. P. 6.904(3)(p); *State v. Biddle*, 652 N.W.2d 191, 197 (Iowa 2002).

Specific intent "is seldom susceptible to proof by direct evidence, and is usually established by inference." *State v. Lambert*, 612 N.W.2d 810, 813 (Iowa

2000). The jury may decide intent from Johnson's actions both before and after the alleged burglary. *See id.*

To set the stage at trial, evidence showed that Johnson had been present when Anderson and Gary argued on July 2. And on July 5, before they approached the house, Johnson and Anderson were in the street yelling at Gary and her friends. Then either Johnson or Anderson threw a glass bottle at the car. The yelling continued. As Gary and her friends were walking into her house, Johnson and Anderson crossed the street toward them, both yelling at the group. Once the group made it inside the house, they heard kicking at the back door. Tatum looked out the window and saw both Johnson and Anderson. When kicking then started at the front door, Gary held the door shut, concerned that Anderson and Johnson would assault her if they got into the house. Gary never personally saw Johnson kick the door and never saw her in the house. But a shoe print, consistent with Johnson's shoe, was found on the front door. After police arrived and contacted Johnson, she was belligerent, uncooperative, and tried to bite an officer.

We conclude there is sufficient evidence to support the jury's verdict finding Johnson guilty of attempted second-degree burglary. The evidence presented at trial, viewed in the light most favorable to the State, supports the inference that Johnson was trying to break into the house either to assault Gary herself or to aid and abet Anderson in assaulting Gary. *See State v. Corsi*, 686 N.W.2d 215, 219 (Iowa 2004) (noting that legitimate inferences arising reasonably from the evidence supported finding of conspiracy to manufacture drugs). Johnson's sufficiency-of-the-evidence claim fails.

**B. Ineffective Assistance.** Johnson argues that her counsel was ineffective by failing to request the marshaling instructions include the entry alternative to burglary and by failing to object to Tatum's out-of-court statements or request a limiting instruction.[2] To prove ineffective assistance, Johnson must show by a preponderance of the evidence "(1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020). To prove the first prong, "the defendant 'must show that counsel's performance was deficient,' meaning counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Id.* (citation omitted). To prove prejudice, the "defendant must show a reasonable probability that the result of the trial would have been different." *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Kuhse*, 937 N.W.2d at 628 (citation omitted).

1. *Jury Instruction.* Johnson argues there was a factual basis for instructing the jury on the entering alternative to committing burglary and her counsel was ineffective by failing to request it. She claims she was prejudiced by this error because had the entering alternative been given, the jury would have been instructed on the lesser-included offense of trespassing. Johnson argues she

---

[2] Amended Iowa Code section 814.7 (2019) prohibits a criminal defendant from raising an ineffectiveness challenge on direct appeal, but this prohibition "do[es] not apply to cases pending on July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). That said, we seldom consider ineffectiveness claims on direct appeal, as the record is rarely adequate to do so. *Tate*, 710 N.W.2d at 239–40. We find the record adequate here.

likely would have been found guilty of misdemeanor trespassing instead of felony attempted burglary.

A person may commit a burglary by (1) "enter[ing] an occupied structure," (2) "remain[ing] there after it is closed to the public or after the person's right, license or privilege to be there has expired," or (3) "break[ing] an occupied structure." *See* Iowa Code §§ 713.1 (2017) (burglary defined), .2 (attempted burglary defined). "Criminal trespass is a lesser included offense of the entering alternative but not of the breaking alternative." *State v. Walker*, 352 N.W.2d 239, 244 (Iowa 1984).

The State charged Johnson with attempted second-degree burglary solely under a breaking alternative.[3] "When a crime may be committed in different ways, and the State specifies one way, the offense must be proved to have been committed in the way charged." *State v. Willet*, 305 N.W.2d 454, 457 (Iowa 1981). And "[r]egardless of the charge originally contained in the indictment or information or the scope of the evidence produced at trial, the jury should only be permitted to consider lesser-included offenses which are embraced by that version of the greater offense actually submitted in the instructions." *State v. Steens*, 464 N.W.2d 874, 875 (Iowa 1991).

---

[3] "The term 'breaks' or 'broke' means removing or putting aside any obstruction to enter a structure. No damage need result to the property. For example, the pushing open of an unlatched or partially-opened door to gain entry would be 'breaking' within the meaning of the law." Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 1300.11 (2018).

Here, the marshaling instructions only included the breaking alternative. Johnson's counsel did not ask the court to include the entering alternative,[4] nor did she object to its omission. And the evidence presented at trial included evidence that Anderson, but not Johnson, entered Gary's home, and Johnson's counsel repeatedly emphasized that Johnson never entered the home. The entering alternative would have conflicted with Johnson's theory of the case and applied only if the jury rejected the breaking alternative and found that Johnson aided and abetted Anderson in entering the home. This strategic call is not unreasonable, and therefore, counsel did not breach an essential duty. *See Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989) ("[W]e will not reverse where counsel has made a reasonable decision concerning trial tactics and strategy, even if such judgments ultimately fail.").

We also conclude Johnson has failed to show prejudice based on the lack of an entering alternative in the marshaling instruction. Any argument that the jury may have selected the lesser-included offense of trespassing under the entering alternative is speculative at best, especially given its finding of guilt under the breaking alternative. *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015) ("A showing that the error 'conceivably could have influenced the outcome' of the proceeding is insufficient." (citation omitted)); *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002) (determining that "conclusory claims of prejudice" cannot satisfy the prejudice prong of an ineffectiveness claim). Johnson has failed to show a

---

[4] "'To enter' means entering a structure with any part of the body, or with an instrument intended to be used to commit a felony, assault or theft." Iowa State Bar Ass'n, Iowa Criminal Jury Instruction 1300.12.

reasonable probability of a different result sufficient to undermine confidence in the outcome. Because she cannot establish deficient performance or prejudice, her ineffectiveness claim fails.

2. *Hearsay Statements.* Finally, Johnson argues her counsel was ineffective by failing to object to hearsay statements or request a limiting instruction for the hearsay statements about who was kicking at the back door. Johnson argues that without the hearsay evidence, the jury would have been more likely to acquit her.

"Hearsay 'is a statement, other than one made by the declarant while testifying at the trial . . . offered in evidence to prove the truth of the matter asserted.'" *State v. Veverka*, 938 N.W.2d 197, 199 (Iowa 2020) (citation omitted); *see also* Iowa R. Evid. 5.801(c). Hearsay is generally inadmissible unless it falls under an exception to the hearsay rule. *Veverka*, 938 N.W.2d at 199. The present sense impression exception to the hearsay rule permits "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Iowa R. Evid. 5.803(1). "The underlying theory of this exception is that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation." *Fratzke v. Meyer*, 398 N.W.2d 200, 205 (Iowa Ct. App. 1986).

Tatum was unavailable at the time of trial and did not testify, but Gary testified to Tatum's statements about who was kicking at the back door:

> Q. And how do you know [the back door is] being kicked? A. Because I hear it.
> Q. Okay. And how do you know that it's Taefon Anderson or Marissa Johnson? A. Because [Tatum] looked out the window and said it was them out there kicking the door.

Q. So he reported he could see right at that point? A. Yes, sir.

Tatum uttered the statement as he was looking out the window at Anderson and Johnson. He expressed what was happening as he was perceiving it. These statements fall under the present sense impression exception and were admissible. Counsel has no duty to object to an admissible statement. *State v. Musser*, 721 N.W.2d 734, 752 (Iowa 2006) ("Counsel has no duty to raise an issue or make an objection that has no merit."). Johnson has failed to show her counsel breached an essential duty, and her ineffectiveness claim fails.

## IV. Conclusion.

For the above-stated reasons, we affirm Johnson's conviction for attempted burglary in the second degree.

**AFFIRMED.**