# IN THE COURT OF APPEALS OF IOWA

No. 21-0920
Filed August 3, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JORDAN NICHOLE BRYANT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Angela L. Doyle, Judge.

Jordan Bryant appeals her convictions for third-degree robbery and involuntary manslaughter, arguing the robbery offense should merge. **AFFIRMED.**

Todd M. Lantz of The Weinhardt Law Firm, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik (until withdrawal) and Darrel Mullins, Assistant Attorneys General, for appellee.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

Jordan Bryant appeals her conviction and sentence for third-degree robbery and involuntary manslaughter. She claims the two convictions merge. We affirm.

**I. Background Facts & Proceedings**

Two men and two women, including Bryant, drove to Ames. They went to visit Xavier Shepley. At first, only Bryant and the other woman went into Shepley's apartment. But after a while, the two men barged in the apartment and demanded money from Shepley. After Shepley did not comply, one of the men struck him with a pistol and then shot him. All four fled the apartment. Shepley died from his injuries.

The State charged Bryant with first-degree murder (count I) and first-degree robbery (count II). At trial, the verdict form for count I permitted the jury to find any of six possible verdicts: (1) guilty of first-degree murder; (2) guilty of "the lesser included offense of" second-degree murder; (3) guilty of "the lesser included offense of" involuntary manslaughter; (4) guilty of "the lesser included offense of" aggravated assault; (5) guilty of "the lesser included offense" of assault; or (6) not guilty. Along similar lines, the verdict form for count II permitted the jury to find Bryant guilty of first-degree robbery; to find Bryant guilty of any of several "lesser-included offenses," namely, second-degree robbery, third-degree robbery, aggravated assault, or assault; or to find Bryant not guilty. The jury instructions explained the required elements of all of these crimes.

As to count I, the jury found Bryant guilty of involuntary manslaughter. As to count II, the jury found Bryant guilty of third-degree robbery.

Bryant moved to dismiss her third-degree robbery conviction. She argued the offense "is necessarily included within the manslaughter offense." The district court denied Bryant's motion. Bryant appeals.

## II. Standard of Review

We review an alleged failure to merge convictions as required by statute for correction of errors at law. *State v. West*, 924 N.W.2d 502, 504 (Iowa 2019); *State v. Love*, 858 N.W.2d 721, 723 (Iowa 2015).

## III. Discussion

Bryant argues that, in light of how the case was "tried, submitted, and decided," her third-degree robbery conviction merges with her involuntary manslaughter conviction. We disagree.

Iowa Code section 701.9 (2021) is our merger statute. It states, "No person shall be convicted of a public offense which is *necessarily included* in another public offense of which the person is convicted." Iowa Code § 701.9 (emphasis added). Our supreme court has held "the question of whether an offense is necessarily included in a greater offense is a question of legislative intent." *West*, 924 N.W.2d at 512. The search for legislative intent can require up to two steps. First, we apply the "legal-elements test that compares 'the elements of the two offenses to determine whether it is possible to commit the greater offense without also committing the lesser offense.'" *State v. Johnson*, 950 N.W.2d 21, 24 (Iowa 2020) (quoting *State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995)). If the legal-elements test is satisfied, we engage in a broader analysis to decide if "the legislature intended multiple punishments for both offenses." *Halliburton*, 539 N.W.2d at 344.

We begin with the legal elements test. "If the lesser offense contains an element *not* required for the greater offense the lesser *cannot* be included in the greater." *State v. Jeffries*, 430 N.W.2d 728, 740 (Iowa 1988) (emphasis added). "This is because it would be possible in that situation to commit the greater without also having committed the lesser." *Id.*

Here, the instruction on involuntary manslaughter stated:

> 1. On or about the 18th day of November, 2017, someone [Bryant] aided and abetted recklessly committed the crime of [r]obbery in the [t]hird [d]egree as defined in [i]nstruction [n]o. 47, [a]ggravated [a]ssault as defined in [i]nstruction No. 48, or [a]ssault as defined in [i]nstruction [n]o. 49.
> 2. When the crime was committed, the person who [Bryant] aided and abetted unintentionally caused the death of Xavier Shepley.

The jury instruction on third-degree robbery stated:

> 1. On or about the 18th day of November, 2017, either [Bryant] had *the specific intent to commit a theft* or she knew that someone she aided and abetted had *the specific intent to commit a theft.*
> 2. In carrying out that intention, or to further their escape from the scene, with or without the stolen property, someone [Bryant] aided and abetted committed an assault on Xavier Shepley.

(Emphasis added.)

Under these instructions, third-degree robbery required an element— "specific intent to commit a theft"—that was *not* required for involuntary manslaughter. So one *could* commit involuntary manslaughter without committing third-degree robbery. *See Johnson*, 950 N.W.2d at 24. And so, following the language of the statute, third-degree robbery was not "*necessarily* included in" involuntary manslaughter. *See* Iowa Code § 701.9.

It's true, of course, that the first element of involuntary manslaughter required the commission of another crime. *See State v. Webb*, 313 N.W.2d 550,

552 (Iowa 1981) ("The 'public offense' type of involuntary manslaughter may be committed in a large variety of alternative ways."). It's also true that third-degree robbery was identified as one of the eligible crimes. But the instruction also identified *other* possible crimes—assault and aggravated assault—that could fulfill the same requirement. This suggests third-degree robbery was not "*necessarily* included in" involuntary manslaughter. *See* Iowa Code § 701.9.

But Bryant notes that the State argued the case as "a robbery gone wrong." And so, Bryant contends, the State did not "argue[] for or even offer[] the jury a path to the lesser included offenses of aggravated assault or assault." From this, Bryant infers, "the only reasonable conclusion" we can draw "is that the jury based its verdict on count I (involuntary manslaughter) on the predicate crime of robbery in the third degree."

We disagree. The jury instructions—which we presume the jury followed, *see State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012)—provided clear paths to finding assault or aggravated assault. Most significantly, the marshalling instructions for third-degree robbery *required* the jury to find an assault (as did the instructions for first- and second-degree robbery). Put differently, assault was a predicate crime for the jury's guilty verdict on count II (third-degree burglary). We can be certain, then, that jury found assault was committed. And we see no reason why that assault couldn't have been the predicate crime for the jury's guilty verdict on count I (involuntary manslaughter). All things considered, then, we do not think the legal-elements test has been satisfied. [1] *See Johnson*, 950 N.W.2d at 24.

---

[1] We have considered the cases on which Bryant relies, namely*: State v. West*, 924 N.W.2d 502 (Iowa 2019); *State v. Love*, 858 N.W.2d 721 (Iowa 2015); and

Also, we think merger is contrary to the legislature's purposes as expressed "in the words of the Iowa Code." *See State v. Goodson*, No. 18-1737, 2020 WL 3571803, at *7 (Iowa Ct. App. July 1, 2020), *aff'd on further rev.*, 958 N.W.2d 791 (Iowa 2021). Like the State, we believe the statutes that Bryant violated reveal "differing purposes." *See Halliburton*, 539 N.W.2d at 344. Our involuntary manslaughter statute, section 707.5(1) (2019), punishes those who "cause[] the death of another person." Conversely, our robbery statutes punish "the intent to commit a theft" when it is coupled with threatened or actual violence. Iowa Code § 711.1(1); *see State v. Copenhaver*, 844 N.W.2d 442, 449 (Iowa 2014) (noting "the unit of prosecution for robbery requires the defendant to have the intent to commit a theft, coupled with any of the following—commits an assault upon another, threatens another with or purposely puts another in fear of immediate serious injury, or threatens to commit immediately any forcible felony"). But death is never an element of robbery—not even first-degree robbery, a class "B" felony. Iowa Code § 711.2. In short, the involuntary manslaughter statute and the robbery statute "focus on different dangers"; so we infer "the legislature intended that a

---

*State v. Anderson*, 565 N.W.2d 340 (Iowa 1997). None of them answers the specific question before us. *See West*, 924 N.W.2d at 511 (concluding that convictions for involuntary manslaughter by commission of a public offense and delivery of a controlled substance did not merge); *Love*, 858 N.W.2d at 724–25 (concluding that, under the specific instructions given, conviction for assault with intent to inflict serious injury merged with willful injury causing bodily injury); *Anderson*, 565 N.W.2d at 344 (concluding that, "[b]ased upon the alternatives submitted by the district court to the jury in this case," assault with intent to commit sexual abuse merged with first-degree burglary). Consistent with those cases, though, we have applied the elements test in light of how the charges were actually tried and submitted, that is, how the district court instructed the jury.

defendant who violates" both statutes will "be punished under both statutes." *Halliburton*, 539 N.W.2d at 344.

## IV. Conclusion

Because the offenses in this case should not merge, we affirm the judgment of the district court.

**AFFIRMED.**